Louise Riley et al., Appellants, v. Mary Arnold, Appellee.

Gen. No. 37,757.

Opinion filed December 31, 1934.

McCarthy & Toomey, of Chicago, for appellants; Frank A. McCarthy and James C. O'Brien, Jr., of Chicago, of counsel.

Campbell, Clithero & Fischer, of Chicago, for appellee; J. Milton Guy, Jr., of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court

. Complainants filed their bill and afterward their first, second and third amended bills, to each of which a demurrer was sustained, and having elected to stand by their third amended bill, the suit was dismissed and

this appeal followed. The question for decision is, Does the third amended bill state a legal cause of action?

Complainants, Louise Riley, Eleanor Riley and John Riley, minor children of John J. Riley, deceased, alleged that they bring this suit by their next friend, their mother, Bessie Riley Wallace; that complainant, Katherine F. Walsh, is the administratrix of the estate of John J. Riley, deceased; that John J. Riley and Bessie Riley were husband and wife, and the parents of the minor complainants; that Riley and his wife lived together until June, 1924, when he left his wife and children and went to reside with his sister, the defendant, Mary Arnold, and for two years thereafter he did not contribute anything to the support of his wife and children; that in 1926 the municipal court of Chicago ordered him to pay to Bessie Riley $40 a month for the support of herself and children.

It is further alleged that about the time of the entry of this order, Riley, the deceased, had $2,700 in a savings account in a Chicago bank; that about four months thereafter Riley arranged with the bank to redeposit the $2,700 under the name of John Arnold; that more than three years thereafter, viz., December 29, 1929, Riley died and at that time there was on deposit in the savings bank $5,576.87; that the money on deposit was at all times the individual property of John J. Riley, who was also known as John Arnold; that he made all of the deposits that went to make up the total in the bank at the time he died, and that the defendant, Mary Arnold, never deposited any money in the account.

It is further alleged that after the death of Riley the defendant, Mary Arnold, his sister, withdrew the $5,576.87 from the bank and appropriated it to her own use; that the deceased kept the account in the bank "in that fashion for the sole and only purpose

of preventing the said Bessie Riley, the wife of said John J. Riley, from attaching or securing the funds on hand''; that the deceased did not give the money to his sister, Mary Arnold; that complainants ''will prove upon the hearing . . . that the deceased merely contemplated depriving his wife of said funds but not his children.''

It is further alleged that upon the death of Riley, Mary Arnold became the trustee for the benefit of the money so withdrawn from the bank by her, and on information and belief it is alleged that Mary Arnold invested the money and used part of it to make extensive repairs on her home. The prayer is for an accounting and for a lien on the home.

While the only matter before us is the sufficiency of the third amended bill, yet some light is thrown on the subject by a brief reference to the allegations of the original bill. That bill was on the theory that Riley, intending to defraud his wife and children by preventing them from obtaining any of the money in question, withdrew the $2,700 which he had in the savings bank, as above mentioned, and redeposited it in a joint account in the bank with his sister, the defendant, Mary Arnold, and that they signed a joint withdrawal card.

One of the special grounds of the demurrer to the original bill was that it contained insufficient allegations as to the contents of the withdrawal card signed by the parties. This demurrer was sustained. It seems to us obvious that counsel for the complainants in the third amended bill was endeavoring to circumvent the law as announced in *Illinois Trust & Savings Bank v. VanVlack,* 310 Ill. 185, which held that where two persons agree with a bank that a deposit, which is payable to them jointly or severally and which either one may withdraw after the death of the other, belongs to the survivor. In the *VanVlack* case it was

held that the written contract entered into between two persons and the bank would be enforced, so that upon the death of one of them the survivor would receive all the money on deposit. See also *Engelbrecht v. Engelbrecht,* 323 Ill. 208. For an interesting discussion of the question see 48 A. L. R. 189 *et seq.* In the instant case it is alleged that the money on deposit belonged solely to John J. Riley and that the defendant had no interest in it; that he had deposited all of the money and that he had not made a gift of the money to his sister, the defendant. The fact that after his death she withdrew the deposit from the bank might not necessarily be decisive that the money belonged to her. We think the burden was upon her to show, if she could, that the money legally belonged to her. Complainants having alleged facts which prima facie entitled them to equitable relief, the court erred in sustaining the demurrer and dismissing the bill for want of equity.

The decree of the circuit court of Cook county is reversed and the cause remanded with directions to overrule the demurrer and for other proceedings in accordance with the views stated in this opinion.

*Reversed and remanded with directions.*

McSurely and Matchett, JJ., concur.